## LYDIG v. THOMPSON.

(Supreme Court, Appellate Term. July 1, 1897.)

ACTION FOR RENT—EVIDENCE.

Upon the trial of an action for rent, where the issue was whether the letting was by the month or by the year, the tenant testified that it was by the month, and the agent of the landlord that it was by the year, but it was shown that, in a petition in summary proceedings, the same agent had described tenancy as by the month. *Held* that, notwithstanding circumstances tending to show that the tenancy was by the year, it was not error to give judgment in favor of the tenant.

Appeal from Thirteenth district court.

Action by Philip Lydig against Minnie J. Thompson. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Olcott & Olcott, for appellant.

W. E. Stewart, for respondent.

McADAM, J. It appears that about October 1, 1896, the plaintiff rented to the defendant a flat in premises No. 211 West 117th street, this city; that the tenant was to pay $30 a month rent, and, as an inducement to hire, was to have the place one month and a half without rent. The defendant occupied the flat during the free period, from October 1 to November 15, 1896, and during the following month, paying the rent to December 15, 1896, when she abandoned the premises; and the action is to recover two months' rent after that date. The issue litigated was whether the hiring was for a year, as plaintiff maintained, or for one month only after the gratuitous period expired, as defendant claimed. While the probabilities would seem to favor the plaintiff's contention that a yearly hiring was intended, the justice, on evidence which he had the right to believe, found the letting to be by the month only. The tenant testified positively that the hiring was by the month, and that she persistently refused to sign a lease acknowledging a tenancy for a longer period. Mr. Lewis, the plaintiff's main witness, testified to a yearly hiring; but he admitted the defendant's unwillingness to sign a lease, and stated that, in consequence, he instituted summary proceedings, under the statute, to remove her from the premises. In the petition filed to obtain the precept, Lewis swore that the defendant was a monthly tenant,—a circumstance which the justice may have regarded as affecting his credibility. While the story told by the defendant as to the term of hiring is somewhat improbable, we cannot say that it is untrue or should have been discredited. The justice saw the witnesses, and observed their manner of testifying, and was on that account best qualified to pass upon the conflict presented. Upon the proofs before

us, and particularly the opposing statements of the plaintiff's chief witness, we are unable to say that the justice erred in finding for the defendant upon the facts.

Judgment affirmed, with costs.    All concur.